**UNITED STATES of America, Plaintiff,**

v.

**F.E. GREGORY & SONS, INC., Defendant.**

**Civ. A. No. 85–962.**

United States District Court, W.D. Pennsyvlania.

Feb. 27, 1986.

Lynne N. Crenney, Sp. Asst. U.S. Atty., Pittsburgh, Pa., for plaintiff.

Gary A. Rosen, Daniel R. Kimball, Bethesda, Md., David W. Lampl, Pittsburgh, Pa., for defendant.

OPINION

ZIEGLER, District Judge.

(1) For a period prior to and including 1978, defendant F.E. Gregory & Sons performed surface coal mining operations on leased land in Greene County, Pennsylvania. On February 22, 1985, defendant filed

---

a voluntary petition for Bankruptcy under Chapter 11 of the Code in the United States Bankruptcy Court for the District of Maryland. Two months later, plaintiff filed a complaint seeking an injunction ordering defendant to perform reclamation work at the abandoned mine site. 30 U.S.C. § 1271. Defendant subsequently filed a Suggestion of Bankruptcy in this court and requested a stay of all proceedings in the instant action pursuant to 11 U.S.C. § 362. By order of June 7, 1985, we granted the stay and plaintiff filed a motion for reconsideration shortly thereafter, alleging that it had failed to respond to defendant's motion because of lack of notice. Plaintiff's explanation appears legitimate and we will reach the merits of the motion for reconsideration. The instant action falls within an exception to the automatic stay set forth in § 362 and therefore the stay granted in the June 7 order will be lifted.

(2) Jurisdiction is predicated upon 30 U.S.C. §§ 1268(d), 1271(c) and 28 U.S.C. § 1345.

(3) Subject to several important exceptions, the filing of a petition in bankruptcy automatically stays all judicial and administrative proceedings against the debtor. 11 U.S.C. § 362(a). One of the exceptions exempts actions by the government pursuant to its police or regulatory power from the automatic stay. 11 U.S.C. § 362(b)(4)–(5). However, the government may not enforce money judgments against a debtor. 11 U.S.C. § 362(b)(5). This is sometimes referred to as the "exception within the exception." *Penn Terra Ltd. v. Department of Environmental Resources*, 733 F.2d 267, 272 (3d Cir.1984).

(4) Defendant contends that an injunction ordering it to clean up the mine site would be tantamount to imposing a monetary judgment. According to defendant, it makes little difference in substance if it pays its own employees to clean up the property or hires another entity to perform the same work. Defendant emphasizes that it never owned the property, but merely leased it, and it no longer has any interest, possessory or otherwise, in the property.

(5) *Penn Terra, supra,* which contains facts remarkably similar to those here, is controlling. The Pennsylvania Department of Environmental Resources obtained an injunction directing Penn Terra to reclaim certain coal surface mines in Armstrong County, Pennsylvania by backfilling, grading and other means of controlling erosion and sedimentation. *Id.* at 270 n. 3. Penn Terra had previously filed a petition for bankruptcy under Chapter 7. The bankruptcy court and the district court held that since the debtor was insolvent and had no realistic means of complying with the injunction, the effect of the action would be to collect a money judgment against Penn Terra. *Id.* at 270.

(6) The Court of Appeals reversed, holding that the action fell squarely within the exception for governmental suits to enforce police and regulatory powers. *Id.* The House and Senate reports both explicitly acknowledge environmental protection as part of the police power. *Id.* at 274. *See* S.Rep. No. 95–989 at 52, 1978 U.S.Code Cong. & Ad.News at 5787, 5838; H.Rep. No. 95–595 at 343, 1978 U.S.Code Cong. & Ad.News at 6299. Indeed, the Court of Appeals stated, "No more obvious exercise of the State's power to protect the health, safety, and welfare of the public can be imagined." *Id.* at 274. Thus the present action falls within 11 U.S.C. § 362(b)(4)–(5). The crucial question remaining is whether the government's suit is in effect an action for a money judgment which should be stayed pursuant to the "exception within the exception," 11 U.S.C. § 362(b)(5).

(7) The *Penn Terra* court held that the injunction did not seek a money judgment in either substance or form. Such an order does not contemplate payment of a sum certain, a traditional and essential element of a money judgment. *Id.* at 275. Even more important, the injunction was not intended to compensate for past injuries, the type of remedy traditionally associated with a money judgment. *Id.* at 278. Rather, its purpose was to prevent future harm

to, and to restore, the environment. *Id.* The court specifically rejected the notion, advanced by defendant here, that a money judgment is any order which requires the expenditure of money. *Id.* at 277.

(8) The Supreme Court's recent decision in *Ohio v. Kovacs,* —— U.S. ——, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985), does not cast doubt on the validity of *Penn Terra.* In *Kovacs* the Court ruled that the obligation of Kovacs to clean up a hazardous waste site pursuant to a state court judgment order was a "debt" or "liability on a claim" dischargeable in bankruptcy. *Id.,* 105 S.Ct. at 711. The Court agreed with the Sixth Circuit Court of Appeals that, under the circumstances of the case, the "cleanup duty had been reduced to a monetary obligation." *Id.* at 710.

(9) *Kovacs* is clearly distinguishable. When Kovacs failed to comply with the state court cleanup order, the state secured the appointment of a receiver who took possession of Kovacs' nonexempt assets, including the mine site. *Id.* at 707. Kovacs then filed a bankruptcy petition under Chapter 11 which he converted to a liquidation bankruptcy under Chapter 7. *Id.* at 707 n. 1. The receivership disabled Kovacs "from personally taking charge of and carrying out the removal of wastes from the property." *Id.* at 710. Government counsel conceded at oral argument that the only performance sought from Kovacs was the payment of money, presumably out of his post-bankruptcy income. *Id.* In light of these circumstances, the Court's conclusion that the cleanup order had been converted into an obligation to pay money is not surprising. *See id.* at 711.

(10) In contrast to the situation in *Kovacs,* defendant's bankruptcy is proceeding as a reorganization under Chapter 11. Defendant may well have the ability to clean up the mine site itself. Unlike the state in *Kovacs,* the federal government here is truly seeking a performance rather than a payment.

(11) Moreover, the Supreme Court specifically distinguished *Penn Terra* in *Kovacs,* noting that *Penn Terra* did not involve the appointment of a receiver who was seeking money from the bankrupt. *Id.* at 711 n. 11. The Court recognized that the automatic stay provision does not apply to suits to enforce the regulatory statutes of a state, but noted that "enforcement of such a judgment by seeking money from the bankrupt—what the Court of Appeals for the Sixth Circuit concluded was involved in this case—is another matter." *Id.* To repeat, the government has requested an injunction, not the payment of money, in this action.

(12) We are also guided by *Penn Terra's* discussion of the Sixth Circuit's decision in *In re Kovacs,* 717 F.2d 984 (6th Cir.1983) (Kovacs II), the ruling affirmed by the Supreme Court in *Ohio v. Kovacs, supra. Penn Terra, supra,* 733 F.2d at 277 n. 11. The Court of Appeals noted that *Kovacs II* dealt with the definition of a "claim or debt" as set forth in 11 U.S.C. § 101(4), 101(11). *Id.* As the court recognized, that issue is entirely distinct form the issue of a money judgment in the context of a § 362 automatic stay. *Id.* The court stated that it was "not prepared to declare that [its] decision is in conflict with Kovacs II." *Id.* If *Penn Terra* does not conflict with *Kovacs II,* then by fair implication it does not conflict with the affirmance of that ruling, *Ohio v. Kovacs, supra.*

(13) Citing the traditional power of a trustee to abandon burdensome property or property of inconsequential value, 11 U.S.C. § 554, defendant argues that it would be anomalous to compel it, a lessee, to clean up the site when a trustee could simply abandon the property. The argument is now foreclosed by a recent decision of the Supreme Court, *Midlantic National Bank v. New Jersey Department of Environmental Protection,* —— U.S. ——, 106 S.Ct. 755, 88 L.Ed.2d 859 (1986). The Court held that a trustee may not abandon property in contravention of state environmental statutes and regulations. *Id.* at ——, 106 S.Ct. at 763–64. *Midlantic* makes clear that defendant is treated no differently as a lessee than as a trustee.

(14) Plaintiff is suing pursuant to its power to protect the environment by enforcing reasonable restrictions on open surface mining. *See* Surface Mining Control and Reclamation Act of 1977, 30 U.S.C. § 1201 *et seq.* The present action seeks an order directing defendant to reclaim its abandoned mine site, not a money judgment. Our previous order granting the stay must be reversed because this action falls within the exceptions to the automatic stay set forth in 11 U.S.C. § 362(b)(4)–(5).

A written order will follow.